17502

MEADERS BROTHERS, Appellant, v. A. B. SKELTON, Independent
Life & Accident Insurance Co., Frank Ulmer Lumber Co., and
Charles E. Kennedy, Respondents

(107 S. E. (2d) 1)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant,*

*Messrs. Love, Thornton & Arnold,* of Greenville, *for Respondent, Independent Life and Accident Insurance Company,*

The Order of Judge McGowan, requested to be reported, follows:

This action was instituted for the foreclosure of a mortgage owned by the plaintiff. The complaint was duly served upon the defendants, A. B. Skelton and Charles E. Kennedy, and service was accepted by the defendants, Independent Life and Accident Insurance Company and Frank Ulmer Lumber Company. The defendant, Independent Life and Accident Insurance Company, filed its cross-complaint against the defendant, A. B. Skelton, asking for the foreclosure of its mortgage, as will more fully appear hereafter, and this was duly served upon the defendant, A. B. Skelton; as more fully appears from the affidavit of default, the defendants, Charles E. Kennedy and A. B. Skelton, are in default as to the complaint, and as more fully appears from the affidavit of default of Ben C. Thornton, the said A. B. Skelton is in default as to the cross-complaint; therefore, I find that the court has jurisdiction of the parties.

As the property affected by this action is located in Greenville County, I find that the court has jurisdiction of the subject matter.

I find the plaintiff is the owner and holder of a note executed to it by the defendant, A. B. Skelton, in the original sum of $7,600.00, dated December 11, 1954, due one day after date, with interest at 6%. I further find that this note is secured by a mortgage executed by the defendant, A. B. Skelton, dated December 11, 1954, recorded December 13, 1954, in Mortgage Book 619, at Page 466, which constitutes a mortgage over Lot 77, Rocky Knoll Drive, and Lots Nos. 12 and 13 Gilman Avenue. Lot No. 13 Gilman Avenue has been duly released from the lien of this mortgage and is not involved in this action.

I find that there is now due to the plaintiff on its note the sum of $7,359.80, with interest from June 2, 1958, at 6% together with an attorney's fee of $368.00, which I find to be a reasonable fee, making a total due to the plaintiff on this lot of $7,727.89. The terms of the mortgage have been broken and the plaintiff is entitled to foreclosure and is entitled to a judgment in this amount.

It is conceded by all parties that the defendant, Independent Life and Accident Insurance Company, is the owner and holder of a mortgage in the original sum of $8,000.00 recorded in Mortgage Book 615, at Page 320, R. M. C. Office for Greenville County, which constitutes a valid first mortgage lien as to Lot No. 77, Rocky Knoll Drive, and that as to this lot the lien of the plaintiff's mortgage is junior to the mortgage of Independent Life & Accident Insurance Company.

As to lot No. 12 Gilman Avenue, I find that at the time this mortgage was executed there was of record a mortgage executed by the defendant, A. B. Skelton, to Fidelity Federal Savings & Loan Association, dated October 15, 1954, which has been duly recorded on October 15, 1954, in Mortgage Book 613, at Page 172, in the R. M. C. Office for Greenville County, in the original amount of $8,500.00. On

the date on which the mortgage for $9,300.00 was executed to Independent Life and Accident Insurance Company, this mortgage of Fidelity Federal Savings & Loan Association constituted a first mortgage lien, and the plaintiff's mortgage was junior to it. I find that at the request of the defendant, A. B. Skelton, the defendant, Independent Life and Accident Insurance Company agreed to and did make him a loan in the sum of $9,300.00 for the purpose of paying off this mortgage to Fidelity Federal Savings & Loan Association. I find that from the proceeds of the loan $8,535.43 was paid to Fidelity Federal Savings & Loan Association in payment of its mortgage, being, of course, the principal and interest.

In my opinion the facts of this case bring it squarely within the principles of *Enterprise Bank v. Federal Land Bank,* 139 S. C. 397, 138 S. E. 146, and that the defendant, Independent Life and Accident Insurance Company is subrogated to the mortgage of Fidelity Federal Savings & Loan Association to the extent of this payment, and to that extent its mortgage constituted a first mortgage lien superior to the mortgage of the plaintiff on this lot; therefore, the proportionate subrogation is the ratio of $8,535.00 to $9,300.00. I find that the amount due on this note is $8,399.18 as principal and interest as of June 2, 1958, together with an attorney's fee of $419.96, which I find to be reasonable, making a total of $8,819.14. Of this amount the portion to which the defendant, Independent Life and Accident Insurance Company, is subrogated to the first mortgage lien is $8,093.46, and as to this amount it has first lien.

I find that the defendant, Frank Ulmer Lumber Company, Inc., is the owner and holder of a mortgage executed to it by A. B. Skelton in the original sum of $10,132.40, dated October 7, 1957, recorded October 8, 1957, in Mortgage Book 727, Page 23, which is a lien over both of the lots involved, and as to both lots constitutes a third mortgage lien, that is to say, is junior to the mortgage of Independent Life and Accident Insurance Company to the full amount and also to

the mortgage of the plaintiff. I also find that the defendant, Charles E. Kennedy, is the owner and holder of a judgment against the defendant, A. B. Skelton, in the sum of $505.45 as evidenced by Judgment Roll G-10, 269, which was filed October 29, 1957, and this is junior to the lien of all of the above mortgages.

Now, Therefore, It Is Ordered, Adjudged and Decreed:

1. That the plaintiff have judgment against the defendant, A. B. Skelton, for the sum of $7,727.80, with interest from June 2, 1958, which includes principal, interest and attorneys' fee.

2. That the defendant, Independent Life and Accident Insurance Company, have judgment against the defendant, A. B. Skelton, for the sum of $8,819.14, with interest from June 2, 1958, which includes principal, interest and attorneys' fee.

3. That the Master do advertise and sell separately the two lots hereinafter described in front of the Greenville County Court House during the legal hours of sale on Sales Day in June, 1958, to-wit, June 2, 1958, or on any subsequent Sales Day thereafter without further order of this court at the option of the defendant, Independent Life and Accident Insurance Company; that the Master require the highest bidder other than the plaintiff to make a cash deposit of 5% of the amount of the bid as earnest money to be applied on the bid when complied with; if the highest bidder shall fail to make the required deposit at the time of his bid, the premises shall be resold at once by the Master on the same Sales Day; in the event the highest bidder making a deposit fails to comply with his bid without legal excuse, the deposit shall be paid over to the plaintiff and the defendant, Independent Life and Accident Insurance Company, and retained by them as liquidated damages and the premises shall be resold on the same terms on any subsequent Sales Day after due legal advertisement at the risk of such purchaser without the further order of this court; that upon compliance with the terms of the sale the Master shall execute and

deliver a deed conveying the property hereinafter described to the purchaser and the purchaser shall be let into immediate and complete possession of the premises upon the production of the said deed.

4. That the first lot hereinafter described, being lot No. 77 Rocky Knoll Drive, shall be sold subject to a mortgage held by Independent Life and Accident Insurance Company in the original sum of $8,000.00 recorded in Mortgage Book 615, at Page 320, R. M. C. Office for Greenville County, on which there is due the sum of $6,518.41, with interest from October 5, 1957 at 5%, and the proceeds after the payment of the costs of this action shall be applied toward the payment of the plaintiff's judgment.

5. That the second lot hereinafter described, being lot No. 12, Gilman Avenue, shall be sold free and clear of all liens or encumbrances, and the proceeds shall be applied, after the payment of the costs of this action, to the payment of the judgment of Independent Life and Accident Insurance Company to the extent of $8,093.46, and then to the payment of the plaintiff's judgment, and the balance, if any, shall be held subject to the further order of this court.

February 12, 1959.

PER CURIAM.

The Order of Honorable W. B. McGowan, has been carefully considered in the light of the record and the exceptions, and we find no error.

Let the Order be reported, without formal parts and description of property, as the judgment of this Court.